IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SUNEEL J. NELSON, BAR NO.12052.

No. 81950

FILED

MAR 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Suneel J. Nelson be suspended from the practice of law in Nevada for five years and one day based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct).[1]

The State Bar has the burden of showing by clear and convincing evidence that Nelson committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). We defer to the panel's factual findings that Nelson violated the above listed rules as those findings are supported by substantial evidence and are not

---

[1]Nelson was allowed an extension of time until January 15, 2021, to file an opening brief. Because he did not file the brief, this matter was submitted for decision on the record on January 25.

21-09004

clearly erroneous. SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013). In particular, the evidence demonstrates that Nelson failed to (1) complete the legal work for which he was retained in two client matters, resulting in dismissal of one client's appeal and the other clients having to pursue their claim, which remains unresolved, on their own; (2) honestly and timely communicate with the clients about the status of their cases; (3) keep in trust and/or refund the unearned retainer fees the clients paid for his representation; (4) comply with an order to pay the costs of a prior disciplinary matter; and (5) meaningfully or honestly respond to the State Bar's inquiries regarding the grievances.[2] The admitted exhibits included the complaint, Nelson's answer, notices and scheduling orders, and documentation supporting the

---

[2]After the State Bar noticed intent to take a default, Nelson filed an answer to the bar complaint, but he thereafter failed to appear at the status hearing and the formal disciplinary hearing, despite having notice of those proceedings. At 4:24 p.m. on August 13, 2020, the day before the formal disciplinary hearing, he sent a motion by email to the panel chair, with a copy to bar counsel, seeking to vacate the hearing date and continue it for 90 days. Bar counsel responded at 5:29 p.m. and recommended denying the request, asserting that (1) the complaint was filed in February 2020, which Nelson did not answer until May 2020; (2) before the complaint was filed, Nelson did not meaningfully respond to grievance inquiries, which dated back to fall 2019; (3) Nelson stipulated to the disciplinary hearing date and several witnesses were prepared to testify; (4) Nelson failed to identify hearing exhibits or witnesses of his own, even though he stipulated to do so in May and then again in June; and (5) he failed to appear at the August 3 pre-hearing conference, although he did provide a few documents the following day regarding a hospitalization for a couple of days in May 2019 that could serve as a mitigating factor. The panel considered Nelson's continuance request at the disciplinary hearing and denied it.

SUPREME COURT
OF
NEVADA

(O) 1947A

charges. The clients testified regarding Nelson's representation and lack of communication and diligence, and the State Bar's investigator testified as to Nelson's failure to respond to grievance inquiries and inquiries about his failure to pay costs from a prior disciplinary matter, and his failure to deposit funds in his trust account, which supported the complaint's allegations concerning Nelson's professional misconduct. SCR 105(2).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nelson knowingly violated duties owed to his clients (communication, diligence, and safekeeping property), the profession (failure to respond to lawful requests for information by a disciplinary authority), and the public (misconduct). His misconduct harmed his clients financially as they paid fees for services not rendered and legally as one client had his appeal dismissed without being heard on the merits. Nelson's failure to cooperate with the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system.

The baseline sanction for Nelson's misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing suspension is appropriate when "a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a

client"); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The panel found and the record supports five aggravating circumstances (prior disciplinary offenses, dishonest or selfish motive, pattern of misconduct, multiple offenses, and indifference to making restitution) and no mitigating circumstances.

Considering all the factors, we agree with the panel that a suspension is appropriate. But we disagree with its recommendation for a five-year-and-one-day suspension, which goes beyond what is necessary to serve the purpose of attorney discipline. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney); *see In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) ("Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment."). Applying the relevant factors to these circumstances, we conclude that a two-year suspension adequately serves the purpose of attorney discipline.

Accordingly, we hereby suspend attorney Suneel J. Nelson from the practice of law in Nevada for a period of two years commencing from the date of this order. Nelson shall pay $5,500 in restitution to John Pierre White and $4,000 in restitution to Greg and Tim Thompson as outlined in the hearing panel's recommendation. Further, Nelson shall pay the costs

of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

_____, J.          _____, J.
Cadish                        Silver

_____, J.          _____, J.
Pickering                     Herndon

cc:    Chair, Southern Nevada Disciplinary Board
       Suneel J. Nelson
       Bar Counsel, State of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A